### KADEN v TEMO

Ohio Appeals, 7th Dist, Mahoning Co
Decided Mar 13, 1931

A. M. Henderson, Youngstown, for Kaden.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for Temo.

604

POLLOCK, J.

The plaintiff, in her brief and also in argument, urged that these two sections must be read together, and when there is an officer or automatic signal, that the section requiring her to look before passing over is not required if the right to cross is by signal or motion of an officer, and for that reason the court was in error in following this last section. Statutes must be read together, but we think in this case we need not determine whether or not the provision of the section that one must look before he steps into a highway is not required when an officer or automatic signal directs traffic. It is in evidence, and we must take this evidence most strongly in favor of the plaintiff and against the defendant, that plaintiff had reached about the center of the street before this accident occurred. Had she looked before stepping into the street there is no evidence whether she could have seen far enough west in the direction in which this automobile was coming to have seen the automobile at that time or not, or if she did see the automobile coming it would have been far enough away, if the light was in her favor, that she would not be charged with knowledge that it would violate the traffic light. So she would not have been prevented from stepping into this street and

attempting to cross if she had looked. In fact, if this statute prevents parties in cities, like this and others, from stepping into the street to cross when they can see an automobile coming, and requires them to wait until they could see whether it is going to stop for the signal light or not, pedestrians could not cross some of the streets. The statute should not be so construed. But, even if it were incumbent upon this lady to look before stepping into the street, the court should not have said as a matter of law that such failure to look was the proximate cause. The failure to look must have been in order to require a verdict to be directed. Even if the requirement to look before going on the street is mandatory, the facts in this case make a question for the jury. In addition to that we have the testimony of Mr. Welsh, that at the time of the accident the light was against this automobile traveling on Rayen Avenue.

We think the court committed error in directing this verdict, and that it was a question for the jury to determine under the evidence whether plaintiff was guilty of contributory negligence which proximately caused her injury, and for that reason the judgment of the court below is reversed.

ROBERTS and FARR, JJ, concur.